The PEOPLE of the State of Colorado, Complainant,

v.

Loyall Don WYMAN, Attorney–Respondent.

No. 88SA221.

Supreme Court of Colorado, En Banc.

Feb. 28, 1989.

Linda Donnelly, Disciplinary Counsel, Susan L. Fralick, Asst. Disciplinary Counsel, Denver, for complainant.

Loyall Don Wyman, Denver, pro se.

ROVIRA, Justice.

Loyall Don Wyman, you appear before this court to be publicly censured for your unprofessional conduct. You were admitted to the bar of this court in 1967, and as a registered attorney are subject to the jurisdiction of this court and its Grievance Committee.

In November 1986, you were served with a disciplinary complaint and citation. You failed to file an answer to the complaint which was a violation of C.R.C.P. 241.6(7). Thereafter, a motion for default was filed that was granted on December 30, 1986.

The allegations in the complaint are admitted by your default. C.R.C.P. 241.13(b).

The complaint contained two counts. Count I concerned your representation of two defendants in a Denver District Court criminal case involving narcotics violations and twenty-six other defendants. You filed four pretrial motions which were not only late filed but were returned to you by the court because of vagueness and because you filed one of the motions with the name of a co-defendant in the caption rather than your clients' names. You then failed to refile the motions.

On November 15, 1985, the trial court suppressed all evidence generated pursuant to a wiretap order in the case of a co-defendant. When you appeared in court on December 6, 1985 for a trial status conference, you were unaware of the suppression order and only then learned that the trial court had vacated a previously set December 10, 1985 trial date. Nonetheless, you appeared in court on December 10 for trial.

At that time, the prosecution expressed concern about a possible conflict of interest in your representing two defendants and your failure to file suppression motions in light of the trial court's ruling involving a co-defendant. You stated your willingness to go to trial, to have the suppressed evidence admitted, and to rely on other defenses, even though the prosecution had no case against your clients without the suppressed evidence.

On its own motion, the trial court joined your clients in the interlocutory appeal taken by the state challenging the trial court's suppression order. The trial judge then filed a request for investigation with the Supreme Court Grievance Committee.

The Supreme Court of Colorado reversed the suppression order. You then moved to dismiss the case against your clients because of the failure of the state to try them within six months from the date of arraignment. This motion was denied. Your clients were tried and convicted. You have filed an appeal on their behalf.

Count II alleged that although you were administratively suspended from the prac-

tice of law during the period March 27, 1986 through April 14, 1986, you nevertheless continued to practice law.

The hearing board found that your conduct, as set out in Count I, violated C.R.C.P. 241.6 and DR 1–102(A)(1) (violation of a disciplinary rule); DR 1–102(A)(5) (engaging in conduct prejudicial to the administration of justice); DR 6–101(A)(1) (handling a legal matter which a lawyer knows or should know that he is not competent to handle without associating with competent counsel); DR 6–101(A)(2) (handling a legal matter without adequate preparation); DR 6–101(A)(3) (neglect of a legal matter); DR 7–101(A)(1) (failing to seek the lawful objectives of a client); and DR 7–101(A)(3) (prejudice or damage to a client). The hearing board also found that you violated C.R.C.P. 241.6 and DR 3–101(B) (practicing law in violation of the regulations of the profession), as charged in Count II of the complaint.

The board, in considering the appropriate sanctions, considered the impact or potential impact of your misconduct upon your clients. It concluded that there was no negative impact on them because your strategy of ignoring the potential suppression defense and then seeking to force the state to a trial on a multi-count, mass-defendant case within the six-month speedy trial period may have had the opportunity to work for your clients.

The board concluded, however, that your testimony should not render meaningless the effect of your default. Further, your continuation of legal practice after your suspension and your failure to respond to the Grievance Committee was inexcusable and warranted discipline in the form of a public censure. A hearing panel agreed, as does this court.

Accordingly, you are publicly censured for your misconduct. This public censure will remain on file with this court and will be considered by the court in connection with any further violation of the Code of Professional Responsibility. You are ordered to pay the costs of these proceedings in the amount of $245.19 within thirty days from the date of the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, 500 S Dominion Plaza, Denver, Colorado 80202–5435.